UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

CARL GOODLOE,

                                                 Plaintiff,         **DECLARATION OF**
                                                                         **ERICA M. HABER**

                -against-

                                                                          12 CV 3018 (AMD) (VMS)

THE CITY OF NEW YORK, JOHN DOE
UNDERCOVER POLICE OFFICER #2570,
DETECTIVE COOK, DETECTIVE DAUGE,
SARGEANT RAMIREZ, POLICE OFFICER
FRANK CHIODI, AND JOHN DOE POLICE
OFFICERS 1-5 of the NEW YORK CITY POLICE
DEPARTMENT,

                                                          Defendants.

---------------------------------------------------------------------------x

        **ERICA M. HABER,** an attorney duly admitted to practice law in the State of New York, declares pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

        1.     I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for defendants City of New York, Undercover Police Officer #2570, Detective Christopher Cooke, Detective Vincent Dauge, Sergeant Claudio Ramirez, and Sergeant Frank Chiodi. As such, I am familiar with the facts and circumstances of this action and submit this declaration to place on the record the relevant documents in support of Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

        2.     Annexed hereto as "Exhibit A" is a copy of the original Complaint, dated June 15, 2012, which was filed in the Eastern District of New York on June 15, 2012. This

document shows that plaintiff did not commence this action until more than five years after the date of the arrest at issue in this action.

3. Annexed hereto as "Exhibit B" is a copy of the Amended Complaint, dated June 3, 2013, wherein he alleges that Defendants maliciously prosecuted him because he received a settlement in connection with a prior lawsuit against the City of New York. While plaintiff's allegations in the Amended Complaint include facts concerning his arrest, it is clear that the only timely claim that plaintiff asserts as against Defendants is a federal claim for malicious prosecution. This document also shows that plaintiff asserts only one cause of action – malicious prosecution – against the individual defendants and that there is no claim against defendant City.

4. Annexed collectively hereto as "Exhibit C" are copies of Defendants' Answer to the original Complaint, dated September 18, 2012, and Defendants' Answer to the Amended Complaint, dated July 10, 2013, wherein Defendants responded to plaintiff's allegations, and set forth their affirmative defenses, including absolute immunity and qualified immunity.

5. Annexed hereto as "Exhibit D" are excerpts from the deposition of plaintiff Carl Goodloe, taken on July 17, 2014. At this deposition, plaintiff testified under oath as to the claims alleged in the Amended Complaint.

6. Annexed hereto as "Exhibit E" are excerpts from the deposition of U/C #2570, taken on July 18, 2014. At this deposition, U/C #2570 testified under oath as to the facts and circumstances underlying a long-term investigation conducted by the New York City Police Department ("NYPD") and the Office of the District Attorney, Kings County ("KCDA"), between approximately October 2005 and April 2007, involving narcotics sales in and around the

Cypress Hills Houses, a public housing complex located in the East New York section of Brooklyn (hereinafter referred to as "Lightning Strikes Twice").  U/C #2570 also testified that, on January 25, 2006, he bought crack cocaine from an individual then-identified as "JD Hood" inside of 305 Fountain Avenue, Apartment 7A, which was an apartment located in the Cypress Hills Houses and occupied by Larry Bozeman, who was a subject of the long-term investigation, and was then-identified as "JD Brown Jacket."  Undercover Officer #2570 also testified that, on five separate occasions, he identified plaintiff as "JD Hood," the individual from whom he purchased crack cocaine on January 25, 2006.

7. Annexed hereto as "Exhibit F" are excerpts from the grand jury testimony of U/C #2570, taken on October 23 and October 24, 2007, pertaining to Supreme Court of the State of New York, Kings County, Indictment Number 10116/07 (hereinafter "Indictment No. 10116/07).  During these grand jury proceedings, U/C #2570 testified about purchasing crack cocaine from the individual then-identified as "JD Hood" on January 25, 2006, inside of JD Brown Jacket's apartment, located at 305 Fountain Avenue, Apartment 7A, and as to how he had a narcotics-related conversation with JD Hood on November 30, 2006.  These documents were produced to Defendants by plaintiff in or around July 2014, and are being filed under seal in accordance with the Court Order dated July 15, 2016.

8. Annexed hereto as "Exhibit G" are excerpts from the deposition of Detective Cooke, taken on July 31, 2014.  At this deposition, Detective Cooke testified under oath as to the facts and circumstances underlying the Lightning Strikes Twice investigation.  Detective Cooke also testified about the specific information provided to him about plaintiff from U/C #2570, including the fact that U/C #2570 identified plaintiff on five occasions as "JD Hood," the individual from whom U/C #2570 bought crack cocaine on January 25, 2006.

3

Detective Cooke also testified about his own observations of plaintiff during the Lightning Strikes Twice operation, and his knowledge of plaintiff's prior arrest history. Detective Cooke also testified that confidential informants were deployed during the Lightning Strikes Twice investigation, and that a confidential informant ("CI") provided "historical testimony" regarding plaintiff, including information about plaintiff's narcotics-related activities within Cypress Hills Houses.

9. Annexed hereto as "Exhibit H" are excerpts from the grand jury testimony of Detective Cooke, taken on October 22, 2007, pertaining to Indictment No. 10116/07. During these grand jury proceedings, Detective Cooke testified about the facts and circumstances surrounding the Lighting Strikes Twice investigation. This document was produced to Defendants by plaintiff in or around July 2014, and is being filed under seal in accordance with the Court Order dated July 15, 2016.

10. Annexed hereto as "Exhibit I" are excerpts from the grand jury testimony of Detective Dauge, taken on November 16, 2007, pertaining to Indictment No. 10116/07. During these grand jury proceedings, Detective Dauge testified about his career with the NYPD and the facts and circumstances surrounding the Lightning Strikes Twice investigation. Detective Dauge did not specifically testify about plaintiff during these proceedings. This document was produced to Defendants by plaintiff in or around July 2014, and is being filed under seal in accordance with the Court Order dated July 15, 2016.

11. Annexed hereto as "Exhibit J" are excerpts from the grand jury testimony of then-Police Officer Chiodi, taken on October 31, 2007, pertaining to Indictment No. 10116/07. During these grand jury proceedings, Sergeant Chiodi testified that, on April 25, 2007, he was assigned to execute a search warrant at 305 Fountain Avenue, Apartment 7A, in

Cypress Hills Houses, as part of the Lightning Strikes Twice investigation, and that he was the Assigned Arresting Officer on that date. Sergeant Chiodi did not specifically testify about plaintiff at these proceedings. This document was produced to Defendants by plaintiff in or around July 2014, and is being filed under seal in accordance with the Court Order dated July 15, 2016.

12. Annexed hereto as "Exhibit K" are excerpts from the deposition of non-party Assistant District Attorney ("ADA") Gloria Rios, taken on July 23, 2014. At this deposition, ADA Rios testified under oath as to the facts and circumstances underlying the Lightning Strikes Twice investigation. ADA Rios also testified about the specific information she obtained from members of NYPD, including the fact that U/C #2570 identified plaintiff as "JD Hood," the individual from whom U/C #2570 bought crack cocaine on January 25, 2006. ADA Rios also testified that a CI provided her with information about plaintiff's criminal activity in Cypress Hills Houses, and that due to the CI's unavailability for trial, among other reasons, the KCDA subsequently moved to dismiss the charges against plaintiff.

13. Annexed collectively hereto as "Exhibit L" are copies of an O.C.C.B. Buy Report, dated January 25, 2006, and signed by U/C #2570; a Follow-Up Informational ("DD5"), dated January 25, 2006, and signed by Detective Cooke; a Property Clerk's Invoice No. N039158; a Field Test Report pertaining to Voucher # N039158; and, a Police Laboratory Controlled Substance Analysis Report, dated August 28, 2006. These are all NYPD records created in the normal course of an investigation. They show that on January 25, 2006, U/C #2570 (a/k/a "U/C #14810" a/k/a "UC-55") purchased more than 2,170 milligrams of crack cocaine from an individual then-identified as "JD Hood" inside of 305 Fountain Avenue, Apartment 7A.

14. Annexed collectively hereto as "Exhibit M" are copies of an O.C.C.B. Buy Report, dated November 30, 2006, and signed by U/C #2570, and a DD5 dated November 30, 2006, and signed by Detective Cooke. These are also NYPD records created in the normal course of an investigation. They show that on November 30, 2006, U/C #2570 had a narcotics-related encounter with JD Hood, that Detective Cooke observed the encounter, and that U/C #2570 informed Detective Cooke that that individual was the person from whom he had purchased cocaine on January 25, 2006 inside of 305 Fountain Avenue, Apartment 7A, and had been previously identified as "JD Hood." The DD5 also shows that Detective Cooke recognized the individual from prior encounters as plaintiff Carl Goodloe.

15. Annexed collectively hereto as "Exhibit N" are copies of a Photographic Lineup dated December 5, 2006, a corresponding DD5 dated December 5, 2006, signed by Detective Cooke, and a corresponding Photo Array. These are NYPD records created in the normal course of an investigation, and they show that on December 5, 2006, Detective Cooke presented a photo array to U/C #2570, and that U/C #2570 positively identified photo #6 – a photo of plaintiff – as "JD Hood," the individual from whom he purchased crack cocaine on January 25, 2006. They also show that the photo used in the Photographic Lineup was from plaintiff's previous arrest on July 22, 2006, not from his arrest on September 2, 2005, as plaintiff alleges in the Amended Complaint.

16. Annexed collectively hereto as "Exhibit O" are copies of an Omniform Arrest Report for Arrest ID Number K07618684, a Prisoner Movement Slip for plaintiff, a New York City Criminal Justice Agency ("CJA") Interview Report, a Vehicle Seizure Form, and the relevant excerpts of the memobook of non-party Police Officer John Hallock. Other than the CJA Interview Report, these documents are NYPD records prepared during the arrest processing

of an individual and they all pertain to plaintiff's arrest on February 26, 2007. These documents show that plaintiff used an alias and identified himself as "Abdul Evans," lied about his date of birth, and provided two different home addresses during the course of his arrest on February 26, 2007. In addition, the Vehicle Seizure form contains the name "Abdul Evans," as well as the same make, model, and VIN Number of the vehicle plaintiff alleges he was driving on April 25, 2007, when he was arrested as part of the Lightning Strikes Twice investigation takedown (see Amended Complaint, Exhibit B, at ¶ 40-42), and indicates that plaintiff was given a copy of the Vehicle Seizure Form at or around the time of his arrest on February 26, 2007. This is likely the document that plaintiff showed Detective Cooke when he was stopped by Detective Cooke on February 27, 2007.

17. Annexed collectively hereto as Exhibit "P" are copies of a Stop, Question and Frisk Report Worksheet ("UF 250") dated February 27, 2007, a DD5 dated February 27, 2007, and signed by Detective Cooke, and a DD5 dated February 27, 2007, and signed by U/C #2570. These documents are prepared by NYPD members in the normal course of business and they show that Detective Cooke stopped an individual at the corner of Euclid and Sutter Avenues, in Brooklyn, in regard to the Lightning Strikes Twice investigation; that the individual identified himself as "Abdul Evans" but provided Detective Cooke with plaintiff's address; that Detective Cooke recognized "Abdul Evans" as "Carl Goodloe;" that U/C #2570 identified "Abdul Evans" as "JD Hood;" and, that Detective Cooke verified on that date that the NYSID for Abdul Evans matched the NYSID assigned to plaintiff.

18. Annexed collectively hereto as Exhibit "Q" are copies of an Omniform Arrest History List for NYSID 09767586K and a Rap Sheet, both of which pertain to plaintiff and show that plaintiff had been arrested approximately 17 times prior to February 26, 2007, and

7

that seven of those arrests occurred in the 75th Precinct. The list also shows that plaintiff used the alias "Abdul Evans" in connection with his arrest on February 26, 2007.

19. Annexed collectively hereto as Exhibit "R" are copies of an Omniform Arrest Report dated April 25, 2007, a DD5 dated April 25, 2007, and signed by non-party Police Officer Naughton, and a DD5 dated April 26, 2007, and signed by U/C #2570, all of which were prepared by NYPD members in the normal course of business. They show that plaintiff apprehended and arrested on April 25, 2007 by Officer Naughton – and not by defendant Sergeant Chiodi who is listed on the Arrest Report as the Arresting Officer – on or around the northeast corner of Milford Street and Blake Avenue, in Brooklyn, within the confines of the 75th Precinct, on the charge of Conspiracy in the First Degree, and that U/C #2570 identified plaintiff to Officer Naughton just prior to plaintiff's arrest. The DD5 dated April 26, 2007 shows that U/C #2570 conducted another confirmatory identification at the 77th Precinct Detective Squad, after plaintiff's arrest, wherein U/C #2570 once again identified plaintiff as "JD Hood."

20. Annexed hereto as "Exhibit S" are copies of the relevant excerpts of the memobook entries of Detectives Cooke and Dauge and Sergeants Ramirez and Chiodi, dated April 25, 2007. These documents are prepared by NYPD members in the normal course of business. These documents show that these defendants were engaged elsewhere and that none of them was present at the scene of plaintiff's arrest on April 25, 2007.

21. Annexed hereto as "Exhibit T" are copies of DD5s and a UF250 signed by Detective Cooke, with Court-approved redactions (see Order of the Honorable Vera M. Scanlon, United States Magistrate Judge, dated January 7, 2016). These documents are prepared by NYPD in the normal course of an investigation. They show that U/C #2570 bought narcotics on approximately six occasions from at least one individual who was under the age of 16 years old

8

on the dates of purchase, and that Detective Cooke either observed or was notified of same. These documents are being filed under seal, as they have been deemed confidential and for attorneys' eyes only, pursuant to the Court Order dated January 7, 2016.

22. Upon information and belief, a grand jury voted to indict plaintiff on the charge of conspiracy in the first degree on April 27, 2007, and others, under Indictment No. 2366/07. Plaintiff was arraigned on a felony complaint on April 28, 2007, in the Criminal Court of the City of New York, Kings County, on the charge of conspiracy in the first degree, among others, under Docket No. 2007KN031724, and bail was set. See copies of the Criminal Court of the City of New York, Kings County, Face Sheet pertaining to Docket Number 2007031724 (NYC 230), and Certification Pursuant to C.P.L. § 180.80(2)(a), signed by ADA Rios (NYC 267), annexed collectively hereto as "Exhibit U." See also, a copy of the Criminal Court of the City of New York, County of Kings, Felony Complaint, dated April 27, 2007, pertaining to Docket No. 2007KN031724 (NYC 455-482 OR 201-228), annexed hereto as "Exhibit V."

23. Annexed hereto as "Exhibit W" is a copy of the Grand Jury Minutes Decision and Order, pertaining to Indictment No. 2366/07, dated November 7, 2007. On or about November 7, 2007, the Honorable Danny K. Chun, Justice, Supreme Court of the State of New York, County of Kings, Criminal Term, issued this Order dismissing the conspiracy in the first degree charges, with leave to re-present. However, the Court "found no reason to reduce or dismiss any of the other counts in the indictment."

24. Annexed hereto as Exhibit "X" is a copy of Indictment Number 10116/07, which shows that plaintiff was indicted on charges of Conspiracy in the First Degree (NYPL § 105.17), Conspiracy in the Second Degree (NYPL § 105.15), Criminal Sale of a Controlled Substance the Third Degree (NYPL § 220.39(1)), Criminal Possession of a Controlled Substance

in the Third Degree (NYPL § 220.16(1)), Criminal Sale of a Controlled Substance in the Fifth Degree (NYPL § 220.06(5)), and Criminal Sale of a Controlled Substance in the Seventh Degree (NYPL § 220.03). After the issuance of the Order by Justice Chun, the KCDA re-presented the entire case to another grand jury, and plaintiff was once again indicted under Indictment Number 10116/07.

25. Annexed hereto as Exhibit "Y" is a copy of Grand Jury Minutes Decision and Order of the Honorable Denny K. Chun, Justice, Supreme Court of the State of New York, County of Kings, dated April 14, 2008, and pertaining to Indictment Number 10116/07. Upon review of Indictment No. 10116/07 (see Exhibit X), Justice Chun found that the evidence adduced against plaintiff before the grand jury was legally sufficient to establish the offenses charged.

26. Annexed hereto as Exhibit "Z" is a copy of the Transcript of Proceedings held before the Honorable Mark Dwyer, Justice, Supreme Court of the State of New York, County of Kings, on May 9, 2014, wherein ADA Rios informed the Court that the KCDA was moving to dismiss the charges against plaintiff.

27. Annexed hereto as "Exhibit AA" are Certificates of Disposition of the co-indictees, which illustrate that of the 36 other individuals who were indicted with plaintiff under Indictment No. 10116/07, 32 were convicted or pleaded guilty.

28. Annexed collectively hereto as "Exhibit BB" are an Omniform Arrest Report, dated September 2, 2005, and an O.C.C.B. Buy Report, both pertaining to plaintiff's arrest on September 2, 2005. These documents are prepared by NYPD members in the normal course of business and they show that none of the individually-named defendants in the instant

action were assigned to the field team that was involved in plaintiff's arrest on September 2, 2005, aside from U/C #2570, who was assigned as the "ghost" undercover officer.

29. Annexed hereto as "Exhibit CC" is a copy of a complaint filed by plaintiff in the United States District Court, Eastern District of New York, under Docket Number 05 CV 4336 (SJF) (RML), on or about September 13, 2005, wherein he alleged civil rights violations in connection with his arrest on September 2, 2005. This document shows that not one of the individually-named defendants herein was identified as defendants in that action.

30. Annexed hereto as "Exhibit DD" are copies of Omniform Arrest Reports pertaining to plaintiff's other prior arrests in the 75th Precinct. These documents are prepared by NYPD members in the normal course of business and they show that plaintiff was arrested in the vicinity of Milford Street and Blake Avenue, in Brooklyn, near Cypress Hills Houses, approximately eight times prior to his arrest on April 25, 2007.

Dated: New York, New York
July 15, 2016

                                         ZACHARY W. CARTER
                                         Corporation Counsel of the City of New York
                                         *Attorney for defendants City, U/C #2570, Cooke, Dauge, Ramirez and Chiodi*
                                         100 Church Street, Room 3-159
                                         New York, New York 10007
                                         212.356.3545

                                         /s/
By: _____
                                         Erica M. Haber
                                         Senior Counsel
                                         Special Federal Litigation Division

To:     Harold Baker, Esq.
           32 Court Street, Suite 507
           Brooklyn, New York 11201
           718.858.7927
           *Attorney for plaintiff* (*via ECF and first class mail*)

11

Docket No. 12 CV 3018 (AMD) (VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARL GOODLOE,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.

                              Defendants.

**DECLARATION OF ERICA M. HABER
AND EXHIBITS A THROUGH DD**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Rm. 3-159*
*New York, New York  10007*

*Of Counsel: Erica M. Haber*
*Tel:  (212) 356-3545*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .......................................... ,2014*

*.................................................................. Esq.*

*Attorney for .......................................................*