UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CARL GOODLOE,

                             **Plaintiff,**

                -against-                         **DECLARATION OF**
                                                        **HAROLD C. BAKER**
                                                         **CV12-3018 (AMD)(VAS)**

**THE CITY OF NEW YORK,
UNDERCOVER POLICE OFFICER #2570,
DETECTIVE COOKE, DETECTIVE DAUGE,
SARGEANT RAMIREZ, POLICE OFFICER
FRANK CHIODI, AND JOHN DOE POLICE
OFFICERS 1-5 of the NEW YORK CITY
POLICE DEPARTMENT,**

                               **Defendants**.
------------------------------------------------------------------X

      **HAROLD C. BAKER,** an attorney duly admitted to practice law in the State of New York, declares pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

      1. I am the attorney for Plaintiff Carl Goodloe. As such, I am familiar with the facts and circumstances of this action and submit this declaration to place on the record the relevant documents in support of Plaintiff's opposition to Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

      2. Annexed hereto as "Exhibit A" is a copy of Defendants' response to Plaintiff's interrogatory No. 2 which shows that U/C 2570, Detective Michelle King, Sergeant Jones, and Officer Steven Balsamo all worked on both the September 2, 2005 arrest of Plaintiff and the January 25, 2006 Buy operation during which U/C 2570 purchased narcotics from a person he referred to as Hood, and who became a lost subject.

1

3. Annexed hereto as "Exhibit B" are excerpts from the deposition of Defendant UC/2570, taken on July 18, 2014. At his deposition, U/C 2570 testified under oath as to his involvement in two separate investigations conducted by his unit, the Brooklyn North Narcotics District involving plaintiff that took place between approximately September, 2005 and April 2007. Among other things, U/C 2570 testified that although he did not recognize Plaintiff during a January 25, 2006 drug transaction as being the same person his team had arrested on September 2, 2005, only four months earlier, he nonetheless was able to recognize plaintiff on November 30, 2006 as the person he had bought drugs from on January 25, 2006, ten months earlier despite having had numerous interactions in numerous investigations involving people with similar descriptions as the person he bought drugs from on January 25, 2006. He further testified that he was unaware until he was told by counsel in the instant action that the September 2, 2005 case against Plaintiff had been dismissed and that Plaintiff had won a money judgment against the City of New York and Detective Christopher Ward, and other unnamed officers, who would turn out to be some of the same officers who worked on the second case against Plaintiff.

4. Annexed hereto as "Exhibit C," are excerpts from the deposition of Defendant Detective Cooke, taken on July 31, 2014. At his deposition, Cooke testified that he was the lead investigator in the "Narcotics Plan," an approximately yearlong investigation of narcotics sales in the area of Blake and Logan Avenues, that included Plaintiff's arrest on September 2, 2005. Cooke further testified that he was the lead investigator in the Lightning Strikes Twice narcotics investigation that included an alleged sale of narcotics by Plaintiff to U/C 2570 on January 25, 2006. Cooke further testified that he was unaware that the September 2, 2005 case against Plaintiff was dismissed or that Plaintiff successfully

sued Detective Cooke's friend and colleague Detective Christopher Ward, and other officers whose names were unknown at the time Plaintiff filed his law-suit but who would turn out to be Detective Cooke, non party Detective Michele King, U/C 2570, Sergeant Jones and Officer Steven Balsamo, all of whom also worked on Plaintiff's subsequent alleged drug sale, occurring on January 25, 2006 and that was part of Lightning Strikes Twice. Cooke also testified that he was able to recognize Plaintiff interacting with U/C 2570 on November 30, 2006, from the back seat of a police surveillance vehicle parked a block away while without any optical aid despite not having see Plaintiff very much for many months and despite interacting with and/or observing numerous other subjects of other drug sales who had descriptions that were similar to Plaintiffs'. Cooke refused to answer the majority of questions about a CI that had allegedly provided "historical information" about Plaintiff's involvement in the drug conspiracy.

5. Annexed hereto as "Exhibit D" is a copy of the check in the amount of $22,500.00" which Plaintiff received in January 2006 as payment of the judgment levied against the City of New York and Detective Christopher Cooke for Plaintiff's false arrest on September 2, 2005.

6. Annexed hereto as "Exhibit E" are excerpts from Plaintiff's 50-H hearing, taken on July 11, 2012, wherein Plaintiff denied knowing co-conspirator Larry Bozeman, or participating in the January 2, 2005 drug sale, or in the drug conspiracy, and described his arrest.

7. Annexed hereto as "Exhibit F," are excerpts from the deposition of Plaintiff Carl Goodloe, taken on July 18, 2014. At his deposition, Plaintiff denied knowing co-conspirator Larry Bozeman, or participating in the January 25, 2006 drug sale or in the

3

conspiracy, and described his relationship with Kathleen Coleman who lived in the Cypress Hills projects and his arrest.

8. Annexed hereto as "Exhibit G," is an affidavit executed by Plaintiff Carl Goodloe wherein Mr. Goodloe further denies involvement in the January 25, 2006 drug sale to U/C 2570, and the conspiracy and wherein Mr. Goodloe attests to the physical geographical layout of 305 and 345 Fountain Avenue and its surrounding areas, including a Google map of the area with markings for each building and where Detective Cooke Claims he saw Plaintiff interact with U/C 2570 and former co-defendant Larry Bozeman on November 30, 2006.

9. Annexed hereto as "Exhibit H," are copies of Detective Cooke's 5/26/06 DD5 and an "Anywho Search," memorializing Cooke's efforts to identify subjects of the Lightning Strikes Twice investigation by tracing telephone numbers that were used by the subjects during the investigation.

10. Annexed hereto as "Exhibit I," is NYPD voucher number N641993 memorializing the seizure and retention of Plaintiff's telephone after April 25, 2007 arrest for the January 25, 2006 sale and conspiracy.

11. Annexed hereto as "Exhibit J," are excerpts from Cooke's memo-book dated November 30, 2006 which show that Cooke did not write down a description of the person he claims to have recognized as Plaintiff on November 30, 2006 in his memo book.

12. Annexed collectively hereto as "Exhibit K," are copies of arrest paperwork for Plaintiff's September 2, 2005 arrest, including a felony drug possession fact sheet filled out by non-party Sergeant Jones and arrest paperwork written by Detective King showing that Plaintiff was arrested at 1144 Blake Avenue (the north east corner of Logan Street and

Blake Avenue. This is also the location that Detective Cooke claims that he saw Plaintiff interact with U/C 2570 and co-conspirator Bozeman on November 30, 2006, which contradicts U/C 2570's deposition testimony, wherein U/C 2570 said that the November 30, 2006 interaction occurred in a courtyard between 305 and 345 Fountain Avenue.

  13. Annexed hereto as "Exhibit L" are excerpts from the deposition of non-party Assistant District Attorney Gloria Rios. Rios testified that neither U/C 2570 or Detective Cooke ever told her that they had participated in the arrest of Plaintiff on September 2, 2005, or that the case had been dismissed, or that Plaintiff had filed a law-suit in that case and had won a money judgment against Detective Christopher Ward, a friend and colleague of both U/C 25760 and other officers who would later be identified as Detective Cooke, U/C 2570, Detective Mechelle King, Sergeant Jones and Officer Steven Balsamo or that these officers were the same officers who worked on the prosecution of Plaintiff in the Lightning Strikes Twice case. Moreover, Rios testified that Detective Cooke never told her that he was a lead investigator in the "Narcotics Plan," the investigation that preceded Lightning Strikes Twice and which included the September 2, 2005 buy that Plaintiff was falsely accused of. Rios also testified that Cooke did not tell her that he had knowledge of plaintiff from the September 2, 2005 arrest or from prior encounters. Ms. Rios pointedly refused to answer the majority of questions regarding a confidential informant that allegedly provided historical information about Plaintiff's involvement in the drug conspiracy.

  14. Annexed collectively hereto as "Exhibit M" are copies of NYPD DD5's and Line up Reports with respect to line-up identification procedures that were conducted for subjects other than Plaintiff Carl Goodloe during the course of Lightning Strikes Twice.

5

15. Annexed hereto as "Exhibit N" are excerpts of Defendant Detective Dauge's memo book entries dated February 27, 2007 which memorialize show up identification procedures wherein U/C 2570 allegedly identified Plaintiff and two other subjects of Lightning Strikes Twice and which show the close temporal proximity of the procedures and the similarity of the descriptions of Plaintiff and one other subject.

16. Annexed hereto as "Exhibit O" is a stop and frisk report for subject JD Prince dated February 27, 2007 which demonstrates the similarity between Plaintiff and JD Prince and which calls into question U/C 2570's ability to differentiate between the two.

17. Annexed hereto as "Exhibit P" is the Verified Forfeiture Complaint containing P.O. Chiodi's false allegations that he observed Plaintiff selling drugs out of his car.

18. Annexed hereto as "Exhibit Q" is a decision by Hon. Magistrate Vera Scanlon on Plaintiff's motion to compel disclosure of information pertaining to the CI who allegedly provided information to the defendants and to the KCDA about Plaintiff's involvement in the conspiracy and which shows that although Plaintiff has a compelling need for all of the information sought, that the potential danger to the CI outweighed Plaintiff's need for disclosure.

19. Annexed collectively hereto as "Exhibit R" are copies of expense reports detailing cash payments made to the CI who allegedly provided information to the defendants and to the KCDA about Plaintiff's involvement in the conspiracy.

20. Annexed hereto as "Exhibit S" is a copy of the KCDA Voluntary Disclosure Form which contains NY PL§ 710.30 (1)(b) notice of KCDA's intent to offer identifications made of Plaintiff by U/C 2570 at trial in Brooklyn Supreme Court.

Dated:  Brooklyn, New York
         October 3, 2016

                                        HAROLD C. BAKER, ESQ.
                                        Attorney for Plaintiff Carl Goodloe
                                        32 Court Street, Suite 507
                                        Brooklyn, NY 11201
                                        718-858-7927

                  By:            **/S/**
                                        Harold C. Baker, Esq.

To:    ZACHARY W. CARTER
        Corporation Counsel of the
        City of New York
        Attorney for Defendants
        100 Church Street, Room 3-159
        New York, N.Y. 10007
        212-356-3545
        (Via ECF and first class mail)